COLORADO & S. RY. CO. v. BROWN. (Court of Civil Appeals of Texas. San Antonio. Nov. 8, 1911. Rehearing Denied Nov. 29, 1911.) Appeal from District Court, Hartley County; D. B. Hill, Judge. Action by Mrs. L. F. Brown against the Colorado & Southern Railway Company and another. Judgment for plaintiff, and the named defendant appeals. Affirmed. E. E. Whitted and Spoonts, Thompson & Barwise, for appellant. Barrett & Jones, for appellee.

JAMES, C. J. This was an action by Mrs. Brown against appellant and the Ft. Worth & Denver Railway Company for damages alleged to have been occasioned her by reason of injuries to her and to her wagon and team by being struck by an engine of appellant while she was in the act of crossing appellant's track at a public road crossing in New Mexico. Plaintiff obtained a verdict for $7,369.60 against appellant; the court having directed the jury to return a verdict in favor of its codefendant. The assignments of error are: (1) That "the court erred in refusing to give a peremptory instruction for appellant," for the reason, as stated in the proposition, that the testimony showed conclusively that plaintiff was guilty of contributory negligence, and, there being no issue of negligence on the part of the employés of appellant after discovering the peril of plaintiff, the court should have directed a verdict for this defendant. (2) That the verdict was contrary to the evidence, it showing that plaintiff was guilty of negligence in going upon the track at the time and place and under the circumstances, which ne ligence caused or contributed to the injury to her and her wagon and team, and the evidence fails to show that defendant's employés were guilty of any negligence in the premises. (3) That the verdict is excessive in amount. After examining the testimony, we think it clearly sufficient to support a finding by the jury in favor of plaintiff on the issues of defendant's negligence and plaintiff's contributory negligence submitted to them, and we make conclusions of fact accordingly. We find, further, that the verdict, under the testimony, is not for an excessive sum. These conclusions require the judgment to be affirmed. Affirmed.

___

WOOD v. SANDIDGE et al. (Court of Civil Appeals of Texas. Texarkana. Oct. 12, 1911. Rehearing Denied Nov. 2, 1911.) Appeal from District Court, Tarrant County; W. T. Simmons, Judge. Action by A. Wood against J. R. Sandidge and others. Judgment for defendants, and plaintiff appeals. Affirmed. Lattimore, Cummings, Doyle & Bouldin, for appellant. Sidney L. Samuels, R. F. Peden, A. B. Curtis, Templeton & Agerton, Lassiter, Harrison & Rowland, and Spoonts, Thompson & Barwise, for appellees.

WILLSON, C. J. Appellee Mrs. Eva Belle Jackson owned the two-story brick building in Ft. Worth known as "No. 112 Main Street," and rented it to appellant, who carried on a hat-renovating business in it. Appellee Irl Sandidge and others, not parties to the suit, as heirs of A. J. Sandidge, deceased, owned the two-story brick building adjoining the Jackson building, known as "No. 110 Main Street"; but Mrs. M. W. Sandidge, widow of said A. J. Sandidge, and not a party to the suit, by virtue of a contract between herself and said Irl Sandidge and the other heirs of said A. J. Sandidge, had the right to its use and revenues during her lifetime. Acting by her agent, appellee J. R. Sandidge, she rented the building to appellee S. J. Burling, who employed appellee J. L. Cox to repair some of its flooring and to put in it certain show windows. While doing the work he had engaged to do, Cox discovered that the partition wall between the two buildings was in an unsafe condition, and reported the fact to Burling, who reported it to J. R. Sandidge, who employed appellee W. A. Davies to repair it. On the day the condition of the wall was discovered, but before Davies had commenced work necessary to repair it, the wall fell, injuring appellant's property in No. 112. The suit was by appellant against said appellees to recover the damages suffered by him because of injury to his property by the falling of the wall. The trial court peremptorily instructed the jury to return a verdict in favor of appellees. The contention made on this appeal is that the testimony demanded that issues as to their liability should have been submitted to the jury. We have read the testimony embodied in the statement of facts, and are of the opinion that the court did not err in instructing the jury as stated. The judgment therefore is affirmed.